By the Court,
Bkonson, J.
The summary jurisdiction exercised by the courts for the purpose of compelling attorneys to perform their duty to clients, is not only just in itself, but it exerts a wholesome influence upon the whole body of the legal profession. If the client were driven to the dilatory and sometimes inefficient remedy by action when the attorney improperly neglects to. pay over money, a few unworthy members of the bar would bring odium upon all the rest.
It is not essential to the exercise of this summary remedy that the attorney should have received the money in any suit or legal proceeding, or that he should have been employed or instructed to commence legal proceedings. It is enough that the money was received in his character of attorney, as where a demand is left with him with instruction to'call for payment, or obtain better security, but without any directions to sue. When the attorney is also engaged in other business, and the particular character in which he was retained does not affirmatively appear, it may be inferred from the nature of the employment, and the other circumstances of fhe case. In De Woolfe v.-, (2 Chit. R. 68,) Bayley, J. said the recent doctrine was, that whenever a person had been employed in consequence of his being an attorney, though not in an action, the court would interfere summarily to compel him to do what was right. In that case the attorney had received money' under a power which described him as a counsellor and attorney, and .the court said, it was otherwise manifest that the employers contemplated the party’s professional character; and he was ordered to account and pay over the'money. The rule was well stated by Abbott, Ch. J. in the Matter of Aitkin, (4 Barn. & Ald. 47.) “ Where,” he says, u an attorney is employed in a matter wholly unconnected with his professional character, the court will not interfere in a summary way to compel him to execute faithfully the trust reposed in him. But where the employ *45 ment is so connected with his professional character as to afford a presumption that his character formed the ground of his employment by the client, there the court will exercise this jurisdiction.” The defence of the attorney in that case was put wholly on the ground that he had not been employed to prosecute any suit; and as that position was untenable, the motion was granted. In Ex parte Staats, (4 Cowen, 76,) a like objection by the attorney was overruled.
In this case there seems to have been no written power, and as the executors are dead, we cannot have their statement concerning the nature of the retainer. Mr. Strong believes that Mr. Dakin prosecuted some other demands for the executors in his professional character. If that were so, it would not be conclusive without showing that those demands were received upon a similar retainer with the Bradt mortgage. But the fact that Mr. Dakin was ever employed or acted for the executors in a professional character is fully denied. In addition to this, Mr. Lansing swears that he was the land-agent of the executors in respect to certain real estate, and that he took this mortgage in the course of that agency, which was subsequently transferred to Mr. Dakin. And Mr. Dakin and his clerk, Mr. Gillmore, both swear that the money in question was received asxsuch agent, and in no other character or capacity. There is, then, not only the absence of any direct proof that the money was received as an attorney, but there is direct proof to the contrary.
The fact that Mr. Dakin wTas an attorney, may have had some influence upon the executors in selecting him as their agent; but there is no direct proof that such was the case, and the nature of the business was not such as. to raise the presumption that he was retained in his professional character. Such agencies for land-owners have no necessary connection with the business of- an attorney, and are most commonly undertaken by men who do not belong to the legal profession.
On the whole, we think a case has not been made out for *46 exercising this summary jurisdiction over Mr. Dakin as an officer of the court.
Motion denied.(b)

 In re G. Chitty, (2 Dowl. Pr. Cas. 421,) a rule was moved for, calling on Mr. Chitty, an attorney, to shew cause why he should not give up to Mr. Dow-land a promissory note for 3001., and a policy of insurance on the life of Mr. Rowland. The affidavit on which the motion was founded stated that in 1829, Mr. Chitty lent Mr. Rowland 3001. on the security of a note for that amount and a policy of insurance on the life of the borrower. In 1831, Mr. Chitty sold for Mr. Rowland a reversionary interest in a sum of 70001. From the- proceeds of this sale, Mr. Chitty paid himself the 3001. with interest and expenses, and the balance to Mr. Rowland. On this settlement, the latter required the note and policy to bp given up to him, when Mr. Chitty said he had left the note at home, but would cither forward it the next day or destroy it. The note and policy wore not sent, and nothing further was heard from them until sometime afterwards, when the personal representatives of a banker at Shaftsbury, where Mr. Chitty lived, applied to Mr. Rowland for the amount of the note, and threatened to enforce their claim by action. Then it appeared that Mr. Chitty had paid the note into his bankers as a security for money advanced to him.
Per Curiam. We think it would be carrying the rule further than the authorities warrant, if-we were to grant this motion. The misconduct of Mr. Chitty in not returning the note was not misconduct in his employment as an attorney, the transaction between the parties being not that of an attorney and client, but of borrower and lender. Rule refused,